————————•-o-•————————

## The People v. Charles Jackson.

The Recorder's Court of Detroit cannot reserve, for the opinion of the Supreme Court, questions arising upon the trial of offenses against city ordinances.

*Heard April 10th. Decided April 12th.*

The defendant was convicted in the Recorder's Court

of Detroit, on a complaint under an ordinance of said city, for obstructing a public alley. On motion being made for a new trial, based upon certain exceptions taken to the rulings of the court, the Recorder reserved the questions arising on such motion for the opinion of this court.

*A. Russell*, for the prosecution, now moved to dismiss the case, on the ground that the Recorder's Court has no power to reserve for the opinion of this court, questions in cases arising under city ordinances. The Recorder's Court is to be kept within its jurisdiction in such cases by certiorari, as was the old Mayor's court, from which in respect to the trial of city cases the Recorder's Court in no wise differs: — 2 *Doug. Mich.* 334; *Ibid.* 77. See also, 4 *Mich.* 592, *and cases cited;* opinion of *Martin Ch. J.,* in *People v. Police Justice,* 7 *Mich.* Abuse of authority can be reached by *trespass,* as in 2 *Doug. Mich.* 332; or by *injunction,* as in *Har. Ch.* 98.

*Holbrook & Bishop,* contra.

The Recorder's Court has general jurisdiction of all offenses under state laws, that may be committed in the city of Detroit, except cases cognizable in the Police court and by justices of the peace. It has also exclusive jurisdiction of all offenses against the ordinances of the city. All prosecutions are to be in the name of the People, and all trials the same as on indictment. Trials for offenses against city ordinances being thus assimilated to trials for offenses against the state laws, both in that court and in the Circuit Courts, an intent is apparent to remove all substantial difference between them, if in fact any difference ever existed. In fact no substantial difference exists, except in degree, between the various violations of penal laws.

The defendant is entitled to have the proceedings, at any time before or after judgment, removed to the Supreme Court, by writ of error or other process in the same manner

that like proceedings may be from the Circuit Courts: — *S. L.*, 1857, *p.* 113, §24. Removing *in the same manner* must include all authorized modes of removal from Circuit Courts, and *like proceedings*, must refer to all criminal prosecutions in the Circuits. The words "other process" in the charter, are synonymous with the words "other modes" or "other means." — 3 *Black. Com.* 379; 2 *Bouv. L. Dic.* 387, "*Process, Practice*," "*Process, Rights;*" 2 *East*, 213, 221; 1 *Paine C. C.* 368. Under the definition given by Blackstone, any mode of commencing a suit, and any mode of transferring a case from one court to another, is *process*. In the Roman law, the word *process* had the same signification as the term *action at law. Introduction to Justin.* 61, 62, 72, 76. And substantially the same in the French law.

THE CHIEF JUSTICE:

Although the Recorder of Detroit may have power to reserve for our opinion questions which arise upon the trial of offenses against the general laws of the state, he has none to reserve such as arise upon the trial of complaints for the breach of city ordinances.

In the last instance, he acts in the capacity of a municipal officer simply, and in the enforcement of laws of which we can not take judicial cognizance; while in the first instance he acts under general laws, and exercises the power of a Circuit Judge. It is only then, when he acts in this latter capacity, that he can reserve questions — the statute only conferring that power upon Circuit Judges.

The charter, in prescribing the manner in which trials shall be conducted in his court, merely regulated the practice therein. It conferred no power independent of this. Although causes may be removed into this court from the Recorder's Court, as they may be from the Circuit Court, yet the reservation of questions for our opinion is in no sense a removal of the cause. It remains below. We can

render no judgment, nor can we make any order in it. Our powers are merely advisory.

The case must be dismissed.