JAMES B. LAUDER v. CORNELIUS J. REILLY, CIRCUIT JUDGE OF WAYNE COUNTY, AND THE JUDGE OF THE RECORDER'S COURT OF DETROIT.

*Criminal law—Recorder's court of Detroit—Indictment—Plea in abatement—Recalling record.*

1. As the only purpose of sending indictments to the recorder's court of Detroit is for trial, the better practice would be to have the parties arraigned, and issue joined on the merits, before the record is certified down, but where this is not done the record cannot be regarded as beyond recall when justice requires it.

   So *held*, where an indictment was at once certified to the recorder's court, and, upon arraignment the respondent desired to put in pleas of abatement, which could not be disposed of in the recorder's court, and the circuit court of Wayne county refused to order the return of the record, and the recorder's court declined to certify it back, and a *mandamus* is granted compelling such return of the record for the purposes stated.

2. The following propositions are summarized from the opinion of Mr. Justice CAMPBELL:

   *a*—There is nothing in our statutes which justifies the idea that any person should be deprived of such rights as the common law gave him after indictment.

   *b*—The Constitution ranks all courts, except the Supreme Court, as inferior courts in legal grade to the circuit courts,

and they cannot be allowed, in any case, to review circuit action.

c—While the recorder's court of Detroit, in its dealings in criminal cases, has not been made subject to review by the circuit court, it is not thereby made equal or superior in legal rank.

*Mandamus.* Submitted February 18, 1890. Granted February 20, 1890.

Relator applies for *mandamus* to compel the recall of indictment from the recorder's court of Detroit. The facts are stated in the opinion.

*Fred H. Warren* (*F. A. Baker,* of counsel), for relator.

*A. H. Frazer,* for respondents.

CAMPBELL, J. Relator was indicted by the grand jury of Wayne county, and the indictment was at once certified to the recorder's court. Upon arraignment, he desired to put in pleas in abatement, which it was held could not be disposed of in the recorder's court,[1] and the circuit court of Wayne county refused to order the return of the record to that court, and the recorder's court declined to certify it back. He now asks for a *mandamus* to compel such action as will enable him to have an opportunity of tendering his pleas, and having such rulings on or dealings with them as will give him a hearing on their sufficiency, or a trial of them if found sufficient, so as to have the record show all that may be necessary to secure his rights on appellate proceedings here, should he have occasion to resort to them hereafter. It would be improper for us to pass on the legal sufficiency of the pleas until such a decision has been had on them below as to call for the exercise of our appellate jurisdiction by the ordinary appellate methods.

---

[1] See *People v. Swift,* 59 Mich. 529.

There is nothing in our statutes which justifies the idea that any person should be deprived of such rights as the common law gave him after indictment. Where an indictment is tried in the court where it is found, the practice is not in any way complicated. But the difficulty here arises from the fact that the indictments which charge crimes as committed in the city of Detroit are certified for trial to the recorder's court of the city, which is an inferior court to the circuit court, and cannot control its records. It is evident that, when objection is made to anything preceding the return of the indictments as true bills for prosecution against the persons charged, such objections involve an inquiry into the circuit court and its action, or action by a body sitting under its supervision, and would be incompatible with investigation, except by the circuit court, or some court having legal supervision over it. While the recorder's court, in its dealings in criminal cases, has not been made subject to review by the circuit, it is not thereby made equal or superior in legal rank. The Constitution ranks all courts, except the Supreme Court, as inferior courts in legal grade to the circuit courts, and they cannot be allowed, in any case, to review circuit action. And it must follow that, if an indicted person has occasion before trial to get an inquiry into the validity of the methods of his indictment, as legally or illegally brought into existence, such inquiry must be made in the circuit court, where all the transactions occurred. And there must therefore be some way to get such questions before that court, and the statutes must be so harmonized as to secure this right effectually.

While the charter of Detroit requires these indictments to be "forthwith" certified to the recorder's court, and gives that court complete jurisdiction of them, as if they had been presented in that court, with full power to

take all further proceedings thereon, it must be considered as only authorizing such proceedings under indictments which have been legally presented. It cannot be held that the mere process of removal precludes such inquiries as all persons charged have a right to make into the preliminary stages of procedure, and it cannot be permitted that the record shall be placed beyond the power of the only court that can try those questions. It must necessarily be subject to reach of that tribunal, when such questions can lawfully be raised, as matter of right. As the superior tribunal, the circuit court could, in analogy to the common-law practice, issue its *certiorari* to have the record remanded for any lawful purpose; that writ being, at common law, proper for such purposes, quite as much as for strictly appellate purposes. But we think it can, if it sees fit, adopt any practice which will do the same thing, and accomplish it by summary order or mandate as well as by the slower process by writ; and, where a person demands such recall to enable him to resort to any common-law right, the record should be recalled, so as to enable him to have it contain all that is done respecting his rights. As the only purpose of sending indictments to the recorder's court is for trial, we think the better practice would be to have the parties arraigned, and issue joined on the merits, before the record is certified down. This would save the delay and confusion caused by the necessity of recalling it. But it cannot be regarded as beyond recall when justice requires it.

We give no intimation concerning the sufficiency of the pleas in question. Relator is entitled to have them passed on at the circuit, and held good or bad of record, and, if held good, to have the issues under them tried there. If decided against him on law or fact, so that a trial is to be had on the merits, the record, as it then

stands, will be retransmitted to the recorder's court, so that, if convicted, the defendant can allege errors on any rulings complained of.

We think the indictments should be recalled to the circuit for that purpose.

The other Justices concurred.