COXE *v.* CARSON.

1. MUNICIPAL CORPORATIONS—QUALIFICATIONS OF ELECTIVE OFFICERS —POWERS—STATE LEGISLATURE—CONSTITUTIONAL LAW.

The State legislature has the power to confer upon cities the right to determine the qualifications of elective officers.

2. QUO WARRANTO—MUNICIPAL CORPORATIONS—QUALIFICATIONS OF APPOINTIVE OFFICERS—ALIENS—TRAVERSE CITY CHARTER.

On error to review *quo warranto* proceedings to test respondent's right to hold the office of police marshal of the city of Traverse City, an appointive office, where the charter of said city, incorporated under Act No. 279, Pub. Acts 1909, provided that only citizens should be eligible to hold elective offices, and no such limitation was placed upon appointive officers, *held*, respondent was eligible to hold the office, although he was an alien.

Error to Grand Traverse; Mayne, J. Submitted October 4, 1916. (Docket No. 34.) Decided December 22, 1916.

Quo warranto proceedings by Thomas H. Coxe and another against Benjamin F. Carson to determine the title to the office of police marshal of the city of Traverse City. Judgment dismissing the information. Relators bring error. Affirmed.

*William H. Umlor,* for appellants.

*Covell & Cross,* for appellee.

MOORE, J. This is a proceeding to review the action of the trial judge in dismissing the information filed by the relator. The respondent is police marshal of the city of Traverse City, which city is incorporated under the provisions of Act No. 279 of the Public Acts of 1909, and the amendments thereto. The provisions of the charter relative to the qualifications of officers are:

"SEC. 34. No person shall be eligible as a candidate for any elective office in said city, unless he shall be twenty-five years of age, a citizen of the United States and of the State of Michigan, and shall have resided in said city, and shall have been a taxpayer therein for a period of not less than five years immediately prior to his nomination; and no person shall be eligible to any office in said city unless he shall be able to read and write and speak the English language."

"SEC. 37. No person shall be eligible to any office who has been a defaulter in the city or who has been convicted of any crime in any court."

These proceedings were instituted on the 2d day of December, 1915. At that time the respondent was holding the office under an appointment made on the 11th day of January, 1915, for a term of office expiring on the second Monday in January, 1916. The information alleges that the respondent is not a citizen of the United States, nor of the State of Michigan, and that he is not entitled, for that reason, to hold the office of police marshal of the city of Traverse City.

Upon the hearing the relator called the respondent as a witness under the statute. From his testimony it developed that he was born in Canada and came to Michigan with his father in 1876 when he was 16 years old. The respondent knew that his father had made application for citizenship and always supposed his father was fully naturalized before respondent reached the age of 21 years. A copy of the certificate of citizenship issued to the father was introduced in evidence by relator, from which it appeared that respondent's father became an American citizen on the 1st day of March, 1883, at which time the respondent was more than 21 years of age; and it is now admitted the respondent was not an American citizen at the time he was appointed to the office. It is stated in the brief of counsel that he is now an American citizen.

In his brief the relator says the paramount question in the case is: "Can an alien legally hold the office of police marshal of the city of Traverse City?" and argues that he cannot.

We think the legislature has the power to confer upon cities the right to determine the qualifications of elective officers. Traverse City undertook to exercise that right, and while it required a candidate for an elective office to be a citizen it made no such limitation upon the eligibility of an appointive officer.

The judgment of the court below is affirmed, with costs.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.