ATTORNEY GENERAL, *ex rel.* DICKINSON, *v.* CITY ELEC-
TION COMMISSION OF THE CITY OF DETROIT.

1. COURTS—STATE COURTS—CITY COURTS—RECORDER'S COURT OF
    THE CITY OF DETROIT.
    The jurisdiction of the recorder's court of the city of Detroit
    is of a dual character: when exercising jurisdiction to try
    persons accused of crimes, under the general laws of the
    State, it is a State court; when exercising jurisdiction,
    given to it exclusively, to enforce ordinances of the city,
    it is a city court.

2. MUNICIPAL CORPORATIONS—CANDIDATES FOR CITY OFFICES—DE-
    TROIT CHARTER—RECORDER'S COURT OF THE CITY OF DETROIT.
    Under the charter of the city of Detroit, providing "No elect-
    ive officer, or salaried officer appointed by the mayor, shall
    be a candidate for any public office, except to succeed him-
    self, without first resigning such office as he may hold,"
    the judge of the recorder's court is disqualified from being
    a candidate for mayor without first resigning; said court,
    when exercising its exclusive jurisdiction to enforce ordi-
    nances of the city, being a city court.

Mandamus by Alex. J. Groesbeck, attorney general,
on the relation of Horace H. Dickinson, to compel the
city election commission of Detroit, and Richard Lind-
say, city clerk, to strike from the primary ballots the
name of Edward J. Jeffries as a candidate for the of-
fice of mayor. Submitted August 9, 1918. (Calendar
No. 28,491.) Writ granted August 15, 1918.

*P. J. M. Hally,* for plaintiff.

*Walter Barlow* and *Moore & Moore* (*Allan H.
Frazer* and *Thomas L. Dalton,* of counsel), for defend-
ants.

MOORE, J. This is a petition filed by the attorney
general, *ex rel.* Horace H. Dickinson, praying for a
writ of mandamus to compel the respondents, the city

election commission of the city of Detroit and Richard Lindsay, clerk of the city of Detroit, to strike from the ballot now in preparation for use at the coming primary election in Detroit, the name of Edward J. Jeffries as a candidate for the office of mayor.

The second paragraph of the petition reads:

"That on the 27th day of July, 1918, a petition was filed with the city clerk of the city of Detroit, by which petition Edward J. Jeffries became a candidate for the office of mayor of the city of Detroit."

The answer of defendants admits the averments of this paragraph. It is contended it is the duty of the clerk to strike this name off the ballot because of the provision on page 29 of the recently-adopted charter of Detroit, which reads:

"No elective officer, or salaried officer appointed by the mayor, shall be a candidate for any public office, except to succeed himself, without first resigning such office as he may hold."

It is the contention that this language is unambiguous and that no one holding an elective city, county, State or Federal office may be a candidate for mayor of the city of Detroit without first resigning the office he holds.

It is asserted, we quote from one of the briefs, that:

"It is legally possible for the city of Detroit to prescribe such a qualification. Act No. 279, Pub. Acts 1909 (1 Comp. Laws 1915, § 3304 *et seq.*), commonly known as the home rule bill, provides that cities may provide for the qualifications and for the nomination and election of officers. Section 3, subd. *c;* section 4, subd. *s; Attorney General, ex rel. Selby,* v. *Macdonald,* 164 Mich. 590; *Coxe* v. *Carson,* 194 Mich. 304."

It is claimed the last cited case is controlling.

On the part of the defendants it is urged that the provision of the charter relied upon by the plaintiff is found under title 4, chapter 1, § 2, headed "Executive

Department," and that a reading of the chapter shows that its provisions relate to city officers and that subdivision (e) means the same as though it read, "No elective city officer * * * shall be a candidate, etc." It is also said that this court has held (*Murtha* v. *Lindsay*, 187 Mich. 79; *Detroit Civil Service Commission* v. *Engel*, 187 Mich. 83), that the judge of the recorder's court is a State officer and that it logically follows that the charter provision relied upon by the plaintiff has no application to the candidacy of Judge Jeffries.

In *Murtha* v. *Lindsay, supra,* the following language was used:

"The recorder's court is, when exercising jurisdiction to try persons accused of crimes, under the general laws of the State, a State court; its judges exercising the powers of a circuit judge. *People* v. *Jackson,* 8 Mich. 78."

In *Detroit Civil Service Commission* v. *Engel, supra,* it was said:

"The execution of the criminal laws of the State is a matter of State concern and in this respect the court possesses a jurisdiction which the electors of the city cannot confer."

The jurisdiction of the recorder's court, however, is not limited to the enforcement of the general laws of the State. In the 1904 charter, at page 203, is found the following:

"Said recorder's court shall have exclusive cognizance of all prosecutions for offenses arising under this act or any ordinance or regulation of the common council."

It is evident the jurisdiction of the recorder's court is of a dual character. We think it logical to say that when it is exercising jurisdiction, given to it exclusively, to enforce ordinances of the city, that it is a city court. We do not think it necessary to say, and

we decline to pass upon the question, that no man holding an elective office can be a candidate for mayor without resigning his office, but we do say a judge of the recorder's court, a large share of whose duties is to take jurisdiction for the enforcement of the ordinances of the city, is disqualified from being a candidate for mayor without first resigning.

It follows that the writ of mandamus as prayed should be issued. As the question is one of public interest no costs will be given to either party.

OSTRANDER, C. J., and STEERE, BROOKE, FELLOWS, and KUHN, JJ., concurred. BIRD and STONE, JJ., did not sit.