PEOPLE *v.* JONES.

JURY—RECORDER'S COURT OF DETROIT—OFFENSES COGNIZABLE BY JUSTICE OF PEACE—RIGHT TO TRIAL BY COURT WITHOUT JURY. In a prosecution in the recorder's court of the city of Detroit for assault and battery, the trial court was in error in requiring defendant to submit to a trial by jury, the intent under Act No. 369, Pub. Acts 1919, abolishing the police court and requiring judges of the recorder's court to perform the duties theretofore incumbent on police justices being to preserve to persons accused of offenses theretofore cognizable by a justice of the peace the right to trial by the court without a jury, given by 3 Comp. Laws 1915, § 15774.

Exceptions before judgment from recorder's court of Detroit; Faust (John), J. Submitted June 15, 1922. (Docket No. 102.) Decided December 5, 1922.

Elbert Jones was convicted of assault and battery. Reversed.

*McClear, Stein & Sarbaugh* (*J. Richard Newman,* of counsel), for appellant.

*Merlin Wiley,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Seward F. Nichols,* Assistant Prosecuting Attorney, for the people.

CLARK, J. In a trial by jury before one of the judges of the recorder's court of Detroit defendant was convicted of assault and battery. The case has been brought here on exceptions before sentence. Two questions are presented:

1. That the court erred in overruling a challenge to

the array.    The grounds of the challenge are fully stated and the ruling of the court sustained in *People* v. *McNutt, ante,* 620.

2. That the court erred in requiring defendant to submit to a trial by jury, over his objection, no jury having been demanded by him. . The offense charged was cognizable by a justice of the peace (3 Comp. Laws 1915, § 15769).    Section 15774, 3 Comp. Laws 1915, provides of trial in such cases:

"If the plea of the accused be not guilty, and no jury be demanded by him, the said court shall proceed to try such issue, and to determine the same according to the evidence which may be produced against and in behalf of such accused."

It has been held that this statute gives the accused a choice, a substantial right, and that the court cannot deprive him of it.    *People* v. *Steele,* 94 Mich. 437, and cases therein cited.

But it is said by the people that the judge of the recorder's court did not sit as a police magistrate in the trial, but as a judge of a court of record having the powers of circuit courts in criminal cases, and that the applicable section of the statute respecting trial by jury is section 15815, 3 Comp. Laws 1915:

"Issues of fact joined upon any indictment shall be tried by a jury, drawn and returned in the manner provided by law for the trial of issues of fact in civil cases."

This brings us to Act No. 369, Pub. Acts 1919, the main purpose of which, as regards Detroit, was to supplement existing laws, to continue the recorder's court as a court of record with added duties and powers, to abolish the police court, and to require of the judges of the recorder's court the performance of duties theretofore incumbent on the police justices. When this act was passed the police court had exclusive jurisdiction within the city of offenses against

State laws cognizable by a justice of the peace (Act No. 161, Pub. Acts 1885, § 10).    And the recorder's court had:

"Original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this State, for crimes, misdemeanors, and offenses arising under the laws of this State, and committed within the corporate limits of the city of Detroit, except in cases cognizable by the police court of the city of Detroit." * * * 3 Comp. Laws 1915, § 14643.

The general statutes of the State respecting proceedings in circuit court in criminal cases were applicable, in so far as they might apply, to the recorder's court. There was the right of appeal from the police court to the recorder's court.    In abolishing the police court section 10 of the act provided:

"* * * and all the powers, duties and jurisdiction thereof, including the holding of examinations and trials and the taking of bail, shall be exercised and performed by such municipal court of record (the recorder's court) under the provisions of this act."

And we quote from section 12:

"* * * In cases cognizable by justices of the peace, motion for new trial must be filed within fifteen days from rendition of judgment. * * * *Provided,* That in any case wherein the conviction shall have been had on the trial before the court without a jury, the respondent shall be entitled to have such motion allowed as a matter of right on the filing of a bond," etc.

From the reading of such statutes we must conclude that the legislature has made the recorder's court a court of record in all trials of offenses against State laws.    The legislature may create courts of record beside those named in the Constitution (Art. 7, § 17; *Swift* v. *Wayne Circuit Judges,* 64 Mich. 479; *Attorney General* v. *Renihan,* 184 Mich. 272).    Courts may be

designated by statute as courts of record. 15 C. J. p. 721.

Here the legislature has provided that a judge of the recorder's court when sitting in the trial of an offense against State laws cognizable by a justice of the peace and performing a duty theretofore incumbent upon a police justice is nevertheless sitting as a judge of a court of record, and, having made such trial a trial in a court of record, the right of appeal (which is statutory), from the police court to the recorder's court has been abolished. But the cause may be removed to this court by an appropriate method.

Section 12, above quoted from, in lieu of such right of appeal, in trials for offenses against State laws cognizable by a justice of the peace, upon conviction by the court without a jury, provides that the motion of the accused for a new trial shall be allowed as a matter of right, etc.

And if the accused be held for trial for an offense not cognizable by a justice of the peace, the judge of the recorder's court sitting as a police magistrate at the examination must hold the accused for trial in the recorder's court. *People* v. *Ferrise,* 219 Mich. 471.

We think that trials in recorder's court of offenses against State laws, cognizable by a justice of the peace, shall be after the manner of trials for such offenses in the said police court, and that the accused may not in such cases be deprived of the right given him by section 15774, above quoted, namely, on the plea of not guilty to be tried by the court without a jury unless jury be demanded by him.

The conviction is set aside and a new trial granted.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.