ATTORNEY GENERAL, *ex rel.* COTTER, *v.* LINDSAY.

1. STATUTES—LOCAL ACTS—REFERENDUM—CONSTITUTIONAL LAW—
   RECORDER'S COURT OF DETROIT.
     Act No. 369, Pub. Acts 1919, relative to an existing court, the recorder's court of the city of Detroit, being supplemental to existing acts which were all local acts, is local in its character, requiring a referendum vote under section 30, art. 5, of the Constitution.

2. EVIDENCE—JUDICIAL NOTICE.
     The Supreme Court will take judicial notice that at the time Act No. 369, Pub. Acts 1919, took effect there were but two courts in the State to which its provisions could be made applicable: the recorder's court of the city of Detroit and the superior court of Grand Rapids.

3. STATUTES—LOCAL ACTS—REFERENDUM.
　　Since Act No. 369, Pub. Acts 1919, is local in character,
　　Act No. 364, Pub. Acts 1921, amending said act, is also a
　　local act, requiring a referendum vote under the Con-
　　stitution, and where said referendum vote was not had,
　　it is *held*, to be void.

Mandamus by Merlin Wiley, attorney general, on the relation of Thomas M. Cotter and others, judges of the recorder's court of Detroit, to compel Richard Lindsay, city clerk of Detroit, to accept nominating petitions for the spring primary. Submitted January 23, 1923. (Calendar No. 30,701.) Writ granted January 31, 1923.

*Andrew B. Dougherty,* Attorney General, and *Clare Retan,* Assistant Attorney General, for plaintiff.

*Clarence E. Wilcox,* Corporation Counsel, and *Paul T. Dwyer,* Assistant Corporation Counsel, for defendant.

FELLOWS, J. The attorney general, upon relation of judges of the recorder's court of the city of Detroit, who are candidates for re-election, seeks by this proceeding to compel defendant city clerk to accept nominating petitions for the spring primary upon the claim that judges of that court must be elected at the spring election to be held April 2d; defendant's refusal to accept and file such petitions being based on his claim that judges of the recorder's court must be elected at the election to be held November 6th. The sole question for determination is whether Act No. 364, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 14725 [8] *et seq.*), is valid. If valid, the defendant is right and the writ should be refused. If invalid, the plaintiff is right and the writ should be granted.

　　It will be noted that the act of 1921, which amended Act No. 369, Pub. Acts 1919 (Comp. Laws Supp. 1922,

§ 14725 [1] *et seq.*), contained no referendum clause and no referendum vote was in fact had. The act of 1919 did require a referendum vote, such vote was had, and the provisions of the act were by such vote made applicable to the recorder's court of the city of Detroit. The failure to submit the act of 1921 to a referendum vote is the sole objection to its validity which we shall consider. The provision of the Constitution invoked is section 30, art. 5, which reads as follows:

"The legislature shall pass no local or special act in any case where a general act can be made applicable, and whether a general act can be made applicable shall be a judicial question. No local or special act shall take effect until approved by a majority of the electors voting thereon in the district to be affected."

The validity of the act of 1919 is conceded. Its character only is before us. It does not purport to, and does not, create a new court for the city of Detroit. It purports to be and is supplementary in character. By the referendum vote it has been adopted by the city of Detroit and its provisions made applicable to an existing court. Its provisions having been made applicable to the recorder's court, the jurisdiction of that court has been expanded, the number of its judges has been increased, and certain administrative features added. But the recorder's court is the court created by Act No. 55, Laws 1857, chapter 6 of which deals with the recorder's court. This act is "an act to revise the charter of the city of Detroit." Act No. 326, Local Acts 1883, gave a new charter to the city of Detroit and the recorder's court was continued and chapter 12 of the act dealt with that court. By Act No. 408, Local Acts 1893, certain sections of this chapter were amended. The recorder's court originally created by the act of 1857 was continued and maintained throughout this legislation, all of which was by local acts.

We now come to the act of 1919. We have already pointed out that it did not create a new court in the city of Detroit, that it expanded the jurisdiction of an existing one, that it increased the number of judges, that it contained administrative features, that it was supplementary to existing laws; in fact, that it was amendatory in its character and that the laws amended by it were local laws. Turning to section 7 we find further evidence that the act is localized. By this section the provisions of the act are made inoperative except the act be adopted by a referendum vote, and the manner of submitting the question to a referendum vote is specifically pointed out in the following language:

"The legislative body of any city *now* having a municipal court of record may by a majority vote thereof submit to the qualified electors the question of adopting the provisions of this act or said questions may be submitted by initiatory petition in the same manner and with like effect as is or may be provided by law for the proposal and submission of amendments to the charter of any such city."

This court will take judicial notice that at the time the act of 1919 took effect there were but two courts in the State to which its provisions could be made applicable, *i. e.*, the recorder's court of the city of Detroit and the superior court of Grand Rapids.

Whether we consider the object of the act of 1919 as expressed in its title, consider the act in its entirety, or consider the limitations placed on the referendum found in section 7, we are irresistibly forced to the conclusion that the act is amendatory of local legislation and is local in character. The act of 1921, as stated, is an amendment to the act of 1919. An act amending a local act is itself a local act. *Common Council of Detroit* v. *Engel*, 202 Mich. 536.

Other questions are discussed in the briefs of counsel

but we find it unnecessary to determine them.    The act of 1921 not having been submitted to a referendum vote must fail.

The writ will issue as prayed.    As the case is one of public interest, no costs will be allowed.

WIEST, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.