GROSSCUP v. WAYNE CIRCUIT JUDGE.*

CRIMINAL LAW—COURTS—PROCEEDINGS IN RECORDER'S COURT INVOLVING FELONY OR MISDEMEANOR UNDER STATE LAWS REVIEWABLE IN SUPREME COURT ONLY.

When the recorder's court of the city of Detroit is acting in a criminal case for violation of the laws of the State, whether the offense involved is a felony or a misdemeanor, review of said proceedings is in the Supreme Court by appropriate remedy rather than in the circuit court, and the fact that the jurisdiction of the recorder's court was enlarged by Act No. 369, Pub. Acts 1919, by giving it jurisdiction in misdemeanor cases formerly possessed by the police court, does not change the character of the court or the established method of review.[1]

Mandamus by Louis Grosscup to compel Ormond F. Hunt, circuit judge of Wayne county, to set aside an order dismissing a writ of certiorari. Submitted October 13, 1925. (Calendar No. 30,802.) Writ denied December 22, 1925.

*See *City of Detroit* v. *Wayne Circuit Judge*, ante 356.
[1]Criminal Law, 16 C. J. § 177; 17 C. J. § 3277.

*John P. Scallen* and *Fred Dye*, for plaintiff.

*Robert M. Toms*, Prosecuting Attorney, and *W. McKay Skillman*, Assistant Prosecuting Attorney, for defendant.

FELLOWS, J.    Defendant circuit judge dismissed as improvidently issued a writ of certiorari directed to the recorder's court of the city of Detroit to review the conviction of plaintiff of a violation of Act No. 328, Pub. Acts 1917 (Comp. Laws Supp. 1922, § 15064 [1-3]), and the question before us is the power of the circuit court to review by certiorari a conviction for a misdemeanor in the recorder's court.    Section 10 of article 7 of the Constitution is as follows:

"Circuit courts shall have original jurisdiction in all matters civil and criminal not excepted in this Constitution and not prohibited by law, and appellate jurisdiction from all inferior courts and tribunals and a supervisory control of the same.    They shall also have power to issue writs of *habeas corpus,* mandamus, injunction, *quo warranto* and certiorari and to hear and determine the same; and to issue such other writs as may be necessary to carry into effect their orders, judgments and decrees and give them general control over inferior courts and tribunals within their respective jurisdictions, and in all such other cases and matters as the Supreme Court shall by rule prescribe."

The argument here made by plaintiff is this:    By the Constitution circuit courts have supervisory control of inferior courts; by Act No. 369, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 14725 [1-15]), made applicable to the recorder's court of the city of Detroit by a referendum vote, that court acquired the jurisdiction in misdemeanor cases formerly possessed by the police court originally created by Act No. 301, Laws 1850, and that, in the exercise of such jurisdiction, it is an inferior court to the circuit court.

The applicability of some of our decisions may be

aided somewhat by a brief consideration of the legislation dealing with the present recorder's court and its predecessors. By an act approved April 4, 1827 (Laws 1827, p. 570 [2 Terr. Laws, pp. 339-354]), a charter was granted to the city of Detroit. It made provision for a "mayor's court" and provided that it should be a court of record. It is interesting historically to note that section 34 of the act contains the following provision:

"That the said mayor's court of the said city shall be held on the second Monday of every month, and the terms of said court may continue for three days, or until all the business of said term shall be disposed of: *Provided, however,* That no term of said court shall continue longer than one week."

The act was amended by Act No. 89, Laws 1841, which, among other things, provided for appeals to the circuit court (§ 4). By Act No. 55, Laws 1857 (chap. 6) provision was made for the recorder's court. We need not consider amendments to this act which preceded the act of 1919 as they are unimportant to the question before us. Section 24 of chapter 6 of the act of 1857 reads as follows:

"All the proceedings of said recorder's court, at any time before or after final judgment or sentence, may be removed to the Supreme Court by writ of error or other process, in the same manner that like proceedings may by law be removed to the Supreme Court from the circuit courts of the State, and the Supreme Court shall proceed to adjudicate thereon in the same manner as on proceedings removed from said circuit courts."

In *Swift* v. *Wayne Circuit Judges,* 64 Mich. 479, it was pointed out that the recorder's court created by the act of 1857 was the successor to the mayor's court and the same court with enlarged jurisdiction, and in *Attorney General* v. *Lindsay,* 221 Mich. 533, it was said:

"The validity of the act of 1919 is conceded. Its character only is before us. It does not purport to, and does not, create a new court for the city of Detroit. It purports to be and is supplementary in character. By the referendum vote it has been adopted by the city of Detroit and its provisions made applicable to an existing court. Its provisions having been made applicable to the recorder's court, the jurisdiction of that court has been expanded, the number of its judges has been increased, and certain administrative features added. But the recorder's court is the court created by Act No. 55, Laws 1857, chapter 6 of which deals with the recorder's court."

It should be stated, however, that the recorder's court was not given the general civil jurisdiction of the mayor's court, and that no provision was made for an appeal to the circuit court from the recorder's court in the act of 1857, or any of its amendments to which our attention has been called.

We shall first consider some early litigation which arose soon after the recorder's court was organized. One Jackson was convicted on a criminal information charging him with obstructing a public alley in Detroit. The case came to this court on exceptions before sentence and was heard, disposed of on the merits, and the information dismissed. *People* v. *Jackson,* 7 Mich. 432 (74 Am. Dec. 729). He was then proceeded against under an ordinance of the city; in *People* v. *Jackson,* 8 Mich. 78, it was held that the case could not be heard on questions reserved; in *People* v. *Jackson,* 8 Mich. 110, it was held that the case could not be heard on exceptions before judgment, and in *Jackson* v. *People,* 8 Mich. 262, that it could not be heard on writ of error, but in *Jackson* v. *People,* 9 Mich. 111 (77 Am. Dec. 491), the case was heard and disposed of on certiorari. Later, in the case of *Swift* v. *Wayne Circuit Judges, supra,* this court had the question before it of the method of review of the acts of the recorder's court in ordinance cases,

in which case the court sustained the jurisdiction of the circuit court to review by certiorari. Much is made by plaintiff's counsel of some of the language of the court in that case, but it must be borne in mind that the language used had reference to the case then under consideration. Chief Justice CAMPBELL who wrote for the court reviewed the *Jackson* litigation, pointed out that the method of review provided for in section 24 of the act of 1857, above quoted, referred to the proceedings of the recorder's court had in accordance with the course of the common law and was not applicable to the special proceedings for the enforcement of ordinances, clearly pointed out that in hearing ordinance cases the recorder's court was acting as a municipal court, one of its dual functions, and that such action not being in accordance with the course of the common law was reviewable by certiorari issued by the circuit court. That he did not intend to go further and did not go further than to so hold is patent by the following terse statement found in the opinion:

"The charter unquestionably puts the criminal business and the street and alley cases expressly beyond the jurisdiction of the circuit court, either original or appellate."

And it will be noted that he did not distinguish between felonies and misdemeanors.

Language found in *Lauder* v. *Wayne Circuit Judge,* 79 Mich. 602, is also relied on by plaintiff's counsel to sustain their contention. That was a mandamus proceeding. Relator had been indicted by a grand jury in the circuit court and under section 13, chapter 6, of the act of 1857 the indictment had been forthwith certified and transmitted to the recorder's court. Relator desired to question the validity of the indictment. Obviously the recorder's court could not review the action of the circuit court and it was neces-

sary to have the indictment sent back to the circuit court in order to have that court pass on its sufficiency. In considering methods of returning it to the circuit court, Mr. Justice CAMPBELL, who also wrote the opinion in this case, suggested certiorari, but the case was disposed of by issuing the writ of mandamus. But again Justice CAMPBELL carefully preserved the question now before us by saying:

"While the recorder's court, in its dealings in criminal cases, has not been made subject to review by the circuit, it is not thereby made equal or superior in legal rank."

Acting under section 1, article 6, Constitution 1850, the legislature created the old superior court of Detroit and the present superior court of Grand Rapids. Neither of these courts was directly provided for by the Constitution, but owed their existence to legislative action sanctioned by the Constitution. While the judges of these courts were not circuit judges (*Dunham* v. *Tilma,* 191 Mich. 688), this court has held the courts so created to be possessed of the jurisdiction of circuit courts, no more and no less. In *Wyandotte Rolling Mills Co.* v. *Robinson,* 34 Mich. 428, the question involved was the power of the superior court of Detroit to make a rule without the approval of this court, a power not possessed by circuit courts. It was held no such power existed and it was said:

"As respects civil jurisdiction, the superior court is a tribunal of the same class as the circuit courts. There are no limitations upon its powers, or any enactments affecting its action, to impeach the analogy necessary for our present purpose. The nature of the subjects of its jurisdiction, so far as the jurisdiction extends, is the same. It is a court of original jurisdiction, proceeding according to the course of the common law. It is a court of record, and cases are removable from it to this court by writ of error and appeal, as from the circuit courts."

And in *Nichols* v. *Judge of Superior Court of Grand Rapids*, 130 Mich. 187, it was said:

"Under this law the superior court is subject only to the control of the Supreme Court. It is governed by the same rules of practice as the circuit courts. Appeals are taken from it to the Supreme Court. In short, it is subject to the mandate of this court in precisely the same manner and to the same degree that the circuit courts are."

In the recent case of *People* v. *Jones*, 220 Mich. 633, where the act of 1919 was before the court and the functions of the judges of the recorder's court under consideration, it was said by the court, speaking through Mr. Justice CLARK:

"From a reading of such statutes we must conclude that the legislature has made the recorder's court a court of record in all trials of offenses against State laws. The legislature may create courts of record beside those named in the Constitution (Art. 7, § 17; *Swift* v. *Wayne Circuit Judges*, 64 Mich. 479; *Attorney General* v. *Renihan*, 184 Mich. 272). Courts may be designated by statute as courts of record. 15 C. J. p. 721.

"Here the legislature has provided that a judge of the recorder's court when sitting in the trial of an offense against State laws cognizable by a justice of the peace and performing a duty theretofore incumbent upon a police justice is nevertheless sitting as a judge of a court of record, and, having made such trial a trial in a court of record, the right of appeal (which is statutory), from the police court to the recorder's court has been abolished. But the cause may be removed to this court by an appropriate method."

Throughout the course of our opinions, this court has recognized the dual character of the recorder's court. When acting in criminal cases for violation of the laws of the State, where the proceedings are according to the course of the common law, review in this court by the appropriate remedy instead of review

in the circuit has always been recognized.    No distinction has ever been made between felonies and misdemeanors and we think none should be now made. The act of 1919 enlarged the jurisdiction of the court but it did not change its character.    It is now, as it and its predecessor was, a court of record, and so far as this proceeding is concerned a part of the machinery of the State for the enforcement of the criminal statutes of the State.    That its duties are increased does not change its character.    That it tries cases of misdemeanors as well as felonies does not change the established methods of review.

The writ will be denied, but as the question is a public one no costs will be allowed.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.