SMITH *v.* JUDGE OF RECORDER'S COURT OF DETROIT.

1. COURTS — MUNICIPAL CORPORATIONS — ORDINANCES — RECORDER'S COURT.

   3 Comp. Laws 1915, § 15771, dealing with criminal cases in justices' courts, is not applicable to ordinance cases in the recorder's court of the city of Detroit.

<hr>

¹Courts, 15 C. J. § 418.

2. SAME—RECORDER'S COURT MAY SUSPEND SENTENCE IN ORDINANCE CASE FOR REASONABLE TIME.

In a prosecution for violation of a city ordinance, the recorder's court of the city of Detroit functions as a State court, a court of record, rather than as a police court, and, therefore, in such case, may suspend sentence for a reasonable time to enable it to inform itself and impose a just and proper sentence.

3. SAME—JURISDICTION NOT LOST BY DEFERRING SENTENCE 16 DAYS.

The recorder's court of the city of Detroit did not lose jurisdiction of a case involving violation of a city ordinance by deferring sentence for 16 days after conviction.

4. SAME—CRIMINAL LAW—RECORDER'S COURT REQUIRED TO KEEP JOURNAL.

Under 3 Comp. Laws 1915, § 14635, the recorder's court of the city of Detroit, being a court of record, is required to keep a journal of its proceedings, and, therefore, exhibits consisting of numbered items of proceedings, beginning with the number or title of the case, each in substantial conflict with the others, and none of which are checked, may not be treated as substitutes for journal entries, in reviewing conviction of violation of city ordinance.

Error to Wayne; Miller (Guy A.), J. Submitted January 5, 1927. (Docket No. 12.) Decided April 1, 1927.

Certiorari by Harold A. Smith against Thomas M. Cotter, judge of the recorder's court of Detroit, to review a conviction and sentence for the violation of an ordinance. Judgment for defendant. Plaintiff brings error. Affirmed, conditionally.

*Leon Dreifuss,* for appellant.

*Charles P. O'Neil,* Corporation Counsel, and *Vance G. Ingalls,* Assistant Corporation Counsel, for appellee.

FELLOWS, J. This writ of error brings up for review a judgment of the Wayne circuit in certiorari

---

[2]Courts, 15 C. J. § 418; [3]Id., 15 C. J. § 418; [4]Id., 15 C. J. § 418.

to the recorder's court.   On January 9, 1926, a complaint was filed in the recorder's court charging Harold A. Smith with a violation of certain provisions of an ordinance of the city of Detroit, commonly known as the building code.   Summons was issued and Smith appeared.   There were several adjournments which Judge Cotter's returns show were mostly at defendant's request.   By the return to the writ and by an amended return it appears that on March 20th, after hearing the testimony, the defendant was found guilty and the judge withheld sentence from day to day until April 5th, when defendant appeared pursuant to a notice and was sentenced to pay a fine of $100 or be confined in the Detroit house of correction for a period of 30 days.   The point stressed in the circuit was that the recorder's court lost jurisdiction by not disposing of the case in seven days, and particularly that it lost jurisdiction by deferring sentence.   It was there urged, and is here urged, that section 15771, 3 Comp. Laws 1915, dealing with criminal cases in justices' courts should be applied to ordinance cases in the recorder's court, and *Village of Vicksburg* v. *Briggs*, 85 Mich. 502, is relied upon.   But ordinance cases arising under the ordinances of the village of Vicksburg were triable in justice's court, and it was held that the provisions of the statute above cited were applicable, but, as pointed out by Justice WIEST in *Moline* v. *Judge of Recorder's Court, ante,* 78, for over a century ordinance cases in the city of Detroit have been tried in the recorder's court and its predecessors, and except by special provision in the ordinance itself, they have never been tried in the police court, nor have they been tried in justice's court.   The provisions of the justice's court act are not applicable. While the recorder's court performs dual functions, *i. e.,* those of a municipal court and those of a State court, it is nevertheless a court of record (*Grosscup* v. *Wayne Circuit Judge,* 233 Mich. 362), and may,

"in the exercise of a reasonable discretion, suspend sentence for a reasonable time to enable the court to inform itself of such matters as will enable it to impose a just and proper sentence." *People* v. *Felker,* 61 Mich. 110.

We do not think the time taken in the instant case was unreasonable.

It is here urged that the record does not disclose that a journal was kept, and for that reason no valid evidence that a sentence has been imposed was before the circuit court. It is doubtful if this question was presented in the court below, but as the question concerns the form of the order we must make here, it will be considered. We are also inclined to consider it because three cases involving proceedings of the recorder's court submitted at this term all disclose a lax method in keeping the records of that court, at least in ordinance cases and minor matters. In the instant case, and in the *Moline Case,* there appear like exhibits. They begin with the number or title of the case and contain 15 numbered items of proceedings in the case, each in substantial conflict with the others. None of them are checked, although in both of the cases there is a notation of the sentence. If these exhibits are used by the clerk as a substitute for a short book they are doubtless helpful to him but they can not be treated as a substitute for journal entries. The recorder's court is a court of record, and under the statute (3 Comp. Laws 1915, § 14635) is required to keep a journal of its proceedings.

The case will be affirmed on condition that within ten days a proper judgment of conviction is entered *nunc pro tunc.* *Toms* v. *Judge of Recorder's Court,* 237 Mich. 413. No costs will be allowed.

SHARPE, C. J., and BIRD, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.