PEOPLE *v.* BROWN.

1. COURTS—HAVE INHERENT RIGHT TO FUNCTION EFFICIENTLY.
    A court has the inherent right to function and to function efficiently.

2. JURY—METHOD OF IMPANELING JURY IN RECORDER'S COURT.
    Under 3 Comp. Laws 1915, § 14651, giving the recorder's court of the city of Detroit the right to make rules, it may adopt the method of impaneling juries provided by the judicature act (3 Comp. Laws 1915, § 12610) for judicial circuits having more than one judge.

¹Courts, 15 C. J. § 30 (Anno); ²Id., 15 C. J. §§ 276, 278 (Anno); Juries, 35 C. J. § 306.

Error to recorder's court of Detroit; Keidan (Harry B.), J.    Submitted January 14, 1927.    (Docket No. 164.)    Decided April 1, 1927.

Carl Brown was convicted of breaking and entering a dwelling house in the daytime, and sentenced to imprisonment for not less than 18 months nor more than 5 years in the State prison at Jackson.    Affirmed.

*Frederick McGraw,* for appellant.

*William W. Potter,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Valois E. Crossley,* Assistant Prosecuting Attorney, for the people.

CLARK, J.    Defendant, on error, seeks to test the validity of the method employed by the recorder's court for the city of Detroit in impaneling a jury.

Before Hon. Thomas M. Cotter, presiding judge of the court, the case of *People* v. *Pinckney* came on for trial.    The names of all the jurors being in the box, the clerk drew twelve names and the twelve jurors were sworn on *voir dire.*    Then Judge Cotter announced the assigning of the case of *People* v. *Carl Brown,* defendant here, to Hon. Harry B. Keidan, another judge of that court.    All remaining names of jurors being in the box, the clerk, by direction of Judge Cotter, drew twelve names from the box and the twelve jurors were sent into Judge Keidan's court room, where, before that judge, certain jurors were challenged and excused.    Again, before Judge Cotter, the required number of names were drawn from the jury box containing remaining names, and the jurors so drawn were sent into Judge Keidan's court.    There being another challenge and an excusal, the process was repeated, when a jury in the cause at bar before Judge Keidan was impaneled.

Defendant was present with his counsel during the

entire proceeding before both judges.   It is not contended that the jurors were not sworn properly.

The court has the inherent right to function and to function efficiently.   It has a like right to provide by rule and to put into practice the method of impaneling juries here employed, and, in any event, the right to make rules is conferred by statute.   3 Comp. Laws 1915, § 14651.   A like method of impaneling juries in judicial circuits having more than one judge is provided by the judicature act (3 Comp. Laws 1915, § 12610).   Whether section 12610 is applicable to trials in criminal cases, and also applicable to trials in the recorder's court (*People* v. *Jones,* 220 Mich. 633), are questions which need not be discussed.

Judgment affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.