SHARP *v.* FARRELL.

JUSTICES OF THE PEACE—NOT A CITY OFFICER—DETROIT CHARTER—
MUNICIPAL CORPORATIONS.

Since a justice of the peace of the city of Detroit has
nothing to do with the local administration of city affairs,
but administers State functions under the general laws
of the State, he is not a city officer within the meaning
of the city charter (title 4, chap. 1, § 2, subd. *e*) requir-
ing city officers to resign before becoming candidates for
any public office except to succeed themselves, and there-
fore he may become a candidate for circuit judge without
first resigning the office of justice of the peace.

Mandamus by L. Eugene Sharp to compel Thomas
F. Farrell, clerk of Wayne county, to file and canvass
his petition as candidate for the office of circuit judge.
Submitted June 26, 1928.        (Calendar No. 33,887.)
Writ granted July 14, 1928.

*Arthur P. Hicks* and *Clare Retan,* for plaintiff.

*Wilber M. Brucker,* Attorney General, *Robert M.
Toms,* Prosecuting Attorney, and *Frank B. Ferguson,*
Assistant Prosecuting Attorney, for defendant.

*David H. Crowley, amicus curiæ.*

MCDONALD, J. The plaintiff seeks a writ of
mandamus to compel the defendant to file and
canvass his petition as candidate for the office
of circuit judge at the general primary election
to be held in September, 1928. The defendant
refused the petition for the reason that the plaintiff
is a justice of the peace of the city of Detroit, Michi-
gan, and that, prior to presenting his nomination
petition, he did not resign from the office he was hold-

ing as required by the following provision of the city charter:

"No elective officer or salaried officer appointed by the mayor shall be a candidate for any public elective office, except to succeed himself, without first resigning such office as he may hold." Title 4, chap. 1, § 2, subd. *e.*

It is the contention of the plaintiff that a justice of the peace of the city of Detroit is not a city officer within the meaning of the charter provision, that it has no application to any but city officers, and that, if it can be construed to apply to other than city officers, it is in violation of the powers granted under the home rule act.

In 1918, Edward J. Jeffries, one of the judges of the recorder's court for the city of Detroit, became a candidate for mayor without first resigning from his judicial office. It was claimed that the charter provision which we are here considering barred his candidacy. The controversy reached this court and was considered in *Attorney General, ex rel. Dickinson,* v. *City Election Commission,* 202 Mich. 626, wherein it was held that, though as recorder's judge he had to do with the administration of the general criminal laws of the State, a large share of his duties pertained to matters of purely municipal concern, that therefore he was a city officer within the meaning of the charter and was disqualified from becoming a candidate for mayor without first resigning.

Measured by the test applied in the *Jeffries Case,* a Detroit justice of the peace is not a city officer. His court is not a city court. He has nothing to do with the local administration of city affairs. He administers State functions under the general laws of the State. He has no jurisdiction to hear suits and prosecutions arising under the charter and ordinances of the city. That belongs exclusively to the recorder's

court.   Unlike the judge of the recorder's court, his jurisdiction is not confined within the territorial limits of the city.   In criminal matters, at least, it is co-extensive with the county and is exercised for the State at large.   He is a constitutional officer.   His office was created by the legislature under authority of the Constitution as a part of the judicial system of the State government.   The fact that he is chosen to office by the electors of the city, that he is subject to the local election laws and functions entirely within the municipality does not make of him an elective city officer in the sense in which that term is used in the charter provision.

"On many occasions, it is a convenient arrangement to have the State officers chosen by the electors of the municipality within which they are to perform their duties, for the reason that the people of small terri-torial divisions are most likely to know the qualifica-tions of those from among whom the selection is to be made.   When chosen they may be public officers of the State as truly as its highest official functionaries provided that their duties do not concern the strictly corporate business of the municipalities."        22 R. C. L. p. 387.

In support of defendant's contention that a justice of the peace is a local officer, our attention has been challenged to the language of Mr. Justice OSTRANDER in *Attorney General* v. *Bolton*, 206 Mich. 403, 412. It was there said:

"Assuming that justices of the peace are an integral part of the judicial system of the State, they are never-theless local officers and their selection is matter of purely local concern.   No one excepting those directly charged with their nomination and election have any possible interest in the subject of when or how their selection shall be brought about."

It can hardly be said that the people of the entire State are without "any possible interest" in the selec-

tion of officers such as justices of the peace who are charged with the exercise of important State functions. But the language was used in considering the right of cities to determine the time and manner of electing justices of the peace. The fact that their duties are not local but are prescribed and performed under the general laws of the State was not considered. The court did not intend to go beyond holding that in respect to his election a justice of the peace is a local officer. This is apparent when the language is read in connection with that of Mr. Justice COOLEY in *Miner* v. *Board of Sup'rs of Shiawassee Co.,* 49 Mich. 602:

"When the particular office of prosecuting attorney is considered, no one will question that the county is greatly concerned in his being a man of integrity, because he is the official advisor of the county, and must represent it in litigation. But the State is concerned also, for he is the attorney for the State in all local prosecutions, and is relied upon to see to the local administration of public justice in its behalf. He is a local officer as respects his election and salary but his duties to a large extent are local only in the sense that they are to be performed locally; for they are performed on behalf of the State just as much as are the duties of the judge who holds the courts for his county."

The plaintiff is not an elective city officer within the meaning of the charter provision in question, and therefore is not barred thereby from becoming a candidate for circuit judge without first resigning the office which he now holds.

The writ of mandamus will issue.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.