ATTORNEY GENERAL, *ex rel.* JUDGES OF RECORDER'S
COURT OF DETROIT, *v.* JUDGE OF RECORDER'S COURT
OF DETROIT.

JURY—RECORDER'S COURT—TRAFFIC AND ORDINANCE DIVISION.
  Under Act No. 369, Pub. Acts 1919, as amended by Act No. 278,
  Pub. Acts 1929, providing for establishment of traffic and or-
  dinance division of recorder's court of city of Detroit, but
  making no reference to juries, regular panel of recorder's
  court is available to said division.

Mandamus by the Attorney General on the rela-
tion of the judges of the recorder's court of the city
of Detroit, traffic and ordinance division, to compel
Donald Van Zile, judge of the recorder's court of
the city of Detroit, to vacate an order denying de-
mand for a jury trial. Submitted April 22, 1930.
(Calendar No. 34,951.) Writ granted April 24, 1930.

*Nathaniel H. Goldstick* and *Alvin D. Hersch*
(*Joseph A. Gillis,* Assistant Attorney General, of
counsel), for plaintiff.

*Harry S. Toy,* for defendant.

PER CURIAM. Under Act No. 369, Pub. Acts 1919
(Comp. Laws Supp. 1922, §§ 14725 [1]–14725 [15]),
the recorder's court of the city of Detroit was ex-
panded. *Attorney General* v. *Lindsay,* 221 Mich.
533. The court took over the work of the police
courts, which were abolished, so that all the criminal
jurisdiction in the city was centered in the one court.
The act was amended by Act No. 278, Pub. Acts
1929, providing, after favorable referendum, for the

establishment of the traffic and ordinance division of the court. This is a friendly suit to determine whether that division may obtain its jurors from the regular panel of the recorder's court or shall provide its own jurors.

The statute provides for a sort of court within a court—a rather novel experiment. Without here marshaling its provisions, which counsel have discussed at length, we think it plain that the legislature intended the traffic and ordinance division to have and preserve a special character and sphere, substantially as much divorced from the other work of the recorder's court as though they were separate tribunals. Much of the language of the act would be appropriate to the creation of an independent court. But it is equally plain that the legislature intended to retain all the criminal business of the city in one court, and that the traffic and ordinance division is an integral part of the recorder's court. Although the jurisdiction and powers of the division are set up at length in the statute, followed by broad general grants, no reference is made in the act to juries, where or how they are to be obtained for service in the division. Because of this omission and the unity of the court, we hold that the legislature intended the regular panel of the recorder's court to be available to the traffic and ordinance division. Administrative difficulties can doubtless be obviated by the adoption of appropriate rules of court.

A writ of mandamus to require the presiding judge of the recorder's court to provide jurors from the regular panel for service in the traffic and ordinance division will issue, if necessary, but without costs.