THE STATE OF FLORIDA EX REL. JOHN C. LAW, PLAINTIFF, vs. FRANK E. SAXON, RESPONDENT.

1. In a proceeding on *quo warranto* against one holding a public elective office an answer which shows that the defendant received a majority of the votes cast at the election is good on demurrer as against the relator's claim to the office, and also against the State in so far as its right to judgment depends on the relator's election.

2. Where the pleadings in *quo warranto* fail to show that either the relator or the defendant is entitled as against the State to hold an elective county office under an election held to fill it for the term they claim, and the answer shows that the defendant was the legal occupant of the office at the time of the election, and it does not appear upon the pleadings that the Governor has, since the commencement of the term for which the election was held, made an appointment to fill the vacancy in such term, the answer will be held good on demurrer as against both the State and the relator, as under the Constitution the person holding the office at such election continues in office until the qualification of his successor.

3. The limitation of sixty days prescribed by section 7 of Article VIII of the Constitution for county officers to qualify and give bond, was not intended to cut off a person who may have been lawfully elected, yet through the mistake or other illegal action of inspectors or a canvassing board, has been put to legal remedies naturally extending beyond that period, for the assertion of his right to office.

4. Mandamus is the proper remedy in favor of a person claiming an office for which he has qualified and been commissioned, to compel one holding over from a previous term to surrender the books and other property of the office, but it settles no question as to the ultimate right to the office for the term for which the commission has been issued.

This is a case of original jurisdiction.

The facts of the case are stated in the opinion of the court.

*The Attorney-General, Shackleford & Palmer, Wall & Wall* for Plaintiff.

*R. W. Williams* for Respondent.

RANEY, C. J. : The " amendment " to the " answer " in this case is as follows :

That at the time of the election, November 6, 1888, and long prior thereto, the respondent was Clerk of the Circuit Court of Hernando county, and discharging the duties of the same, having taken the oath, given bond and received commission as provided by law.

That within the sixty days "required by law " for Clerks of the Circuit Court to qualify as 'such after election, and within ten or twelve days after the election of November 6, 1888, and upon respondent ascertaining that he was elected, he, through the mails, notified the Secretary of State that he had been elected, and requested the Secretary to send to respondent the bond and other papers necessary, so that respondent could qualify as such Clerk of the Circuit Court as required by law. That the Secretary of State would not comply with respondent's request, and wrote him to that effect, and that his remedy must be in the courts ; and then respondent, upon this information from the Secretary of State, " commenced proceedings in the

courts by mandamus, as stated in the original answer of respondent."

That since the institution of this proceeding respondent " has made the bond required by law and taken the oath of office."

That but for the refusal of the Secretary of State to send the proper blanks as requested, the respondent would, within the sixty days required by law, have taken the oath of office and given the bond as the Constitution requires.

That the respondent is able and willing and ready, and has been at all times since his election to said office, to qualify as required by law, and did qualify and give bond as stated in first part of the answer; and would have done so immediately upon his election on November 6, 1888, but for the refusal of the Secretary of State to forward respondent the proper blanks, as before stated.

The answer, of which the above is amendatory, shows that on the said sixth day of November, an election was held in Hernando county to elect, among other officers, a Clerk of the Circuit Court, and that respondent was legally eligible to and a candidate for said office, and that he received the highest number of votes cast at that election for such office. That on the eighth day of the stated November the County Canvassing Board proceeded to canvass the returns of election as made to it by the precinct inspectors, and this Board was notified by respondent that the returns made from precincts 1 and 5 had not included all the votes actually and legally cast at such election, but the County Board proceeded to canvass the returns and declared as the result that Law had received 297 votes, and respondent 290 votes, but this result is illegal, incorrect and untrue, the true vote at said election being 297 for Law, the relator, and 303 for respondent.

It also shows that on the 20th day of November the re-

spondent instituted mandamus proceedings before the Judge of the Sixth Judicial Circuit against the precinct inspectors to compel a recanvass according to the vote actually cast, and such proceedings were had ; that on the 20th day of December, 1888, the writs were made peremptory and a recanvass ordered to be made forthwith, and a return to the peremptory writ to be made on January 21st of the present year. By the recanvass made by the inspectors, there was given to respondent such a number of votes as showed, with the returns from the other precincts in the county, that he received 301 votes, and relator 297 votes, for the office in question, but it is alleged that the inspectors of precinct one still failed to count two votes to which respondent was entitled. The recanvass by the inspectors of precinct 5 seems to have been made December 30th, 1888, but it does not appear when that of the other precinct was made, except that it was prior to the issue of the alternative writ of mandamus against the County Board to compel a recanvass of the returns as amended, which the answer shows was issued by the Circuit Judge, after an application for a recanvass had been made to such board by respondent, and was pending before the Judge on motion to quash a return thereto, at the filing of such answer.

The demurrer is to the " amended answer," meaning of course, under the circumstances, the answer as amended, and states three grounds :

1st. Such answer fails to show a complete title in respondent.

2d. It fails to show that respondent qualified as clerk within sixty days after the election ; and

3d. It does not show that respondent has completed his title to the office by obtaining a commission from the Governor of the State of Florida.

The demurrer admits that Saxon received a majority of

the votes, and hence the answer is good as against the relator, and is good also as to the State in so far as its right to a judgment depends upon the relator's election. High on Extra Rems., section 712; People vs. Miles, 2 Mich., 348. Upon the pleadings, the respondent does not hold the office in derogation of the legal rights of the relator, for not only do they show affirmatively that the relator was not elected, but they fail to show that he has ever given bond, or qualified, or received a commission from the Governor, even admitting that having given the bond, qualified or received the commission can entitle one who is shown or admitted not to have received the requisite vote, to judgment upon *quo warranto*. If he gave the bond and qualified, and received the commission he had his remedy by mandamus against respondent to compel him to surrender the custody of the books, files, office room, and other property of the office, but without prejudice to the question of ultimate right to the office. High, section 73, *et seq;* People vs. Kilduff, 15 Ill., 492; People vs. Head, 25 Ill., 325. The pleadings fail entirely to show that the relator has even a *prima facie* right to the office.

These pleadings, failing as they do to show that any one is entitled as against the State to hold the office under the election of November, 1888, the question arises, do they show that either of the parties is otherwise authorized to fill it and perform its duties? From them it appears that at the time of the election referred to, and long prior thereto, the respondent was the Clerk of the Circuit Court of the county in question. Being such he, under the circumstances of this case, was and is entitled to continue in the performances of the duties of the office under the provisions of section 14 of Article XVI of the Constitution, which is as follows: All State, county and munici-

JUNE TERM, 1889.            797

State of Florida ex rel. Law vs. Saxon—Opinion of Court.

pal officers shall continue in office after the expiration of their official terms until their successors are duly qualified·

Assuming under the principles announced in the advisory opinion of January 16th, 1889, 25 Fla., —— ; S. C., 5 So. Rep., 613, that the Governor, on the facts shown by these pleadings, might have made on or after the first Tuesday after the first Monday in January of the present year, an appointment to fill a vacancy as created by the failure of both the parties to qualify within the time required by section 7 of Article VIII of the Constitution, it does not appear that he did so.

Section 7, Article VIII, just mentioned, provides that " all county officers, except an Assistant Assessor of Taxes, shall, before entering upon the duties of their respective offices, be commissioned by the Governor ; but no such commission shall issue to any such officer until he shall have filed with the Secretary of State a good and sufficient bond in such sum as the Legislature shall prescribe by law, approved by the County Commissioners of the county in which such officer resides, and by the Comptroller. * * * If any person elected or appointed to any county office shall fail to give bond, and qualify within sixty days after his election, the said office shall become vacant."

This limitation of sixty days was never intended to cut off a person who has been lawfully elected, yet through the mistake or other illegal action of precinct inspectors or a canvassing board, has been put to legal remedies, naturally extending beyond the period, for the assertion of his right to the office.   Its purpose was to prescribe a time within which persons elected and given the certificate of election contemplated by law should take the oath of office and deposit with the Secretary of State a good and sufficient bond in the sum prescribed by the act of June 2d, 1887, chapter 3724, approved by the County Commissioners and the

Comptroller of the State. Of course a person cannot hold any county office, except that of Assistant Assessor of Taxes, to which he may have been elected, until he has given the bond contemplated by the Constitution and statute and otherwise qualified as was held in the former opinion in this case.

In the case before us, the purpose of the respondent's mandamus proceedings was doubtless to procure from the Canvassing Board the evidence upon which he could secure action on his bond by the County Commissioners and the Comptroller. They, of course, do not conclude the relator, because he was not a party to them; nor the State. It is seen that they extended beyond the sixty day limit. The respondent could not institute *quo warranto* proceedings against the relator until the latter had come into possession of the office. It does not appear that the relator has prior to the present *quo warranto* proceeding even sought to obtain the office. This proceeding admits that he is not in possession of it, and the demurrer admits that he is not lawfully entitled to possession of it, because the electors of the county did not choose him for it, but chose the respondent.

The demurrer is overruled, and it will be so ordered, with leave, however, to plead within fifteen days.