THE PEOPLE, EX REL. WILLIAM F. WAGENSEIL, V. DAVID
J. STEPHENSON.

*Quo warranto—Writ of error—Stay of proceedings.*

Upon a judgment of amotion from office, the party amoved is
divested of all official authority, and excluded from office, so
long as the judgment remains in force; and the relator needs
no writ to invest him with the office, but, under How. Stat. §
8639, is entitled to take upon himself the execution thereof,
which right cannot be defeated or suspended by suing out a
writ of error and giving a bond to stay execution.

Motion by respondent for a stay of proceedings upon a
judgment in *quo warranto.* Argued December 12, 1893.
Denied December 22, 1893. The facts are stated in the
opinion.

*Thomas Wellman (P. H. Phillips,* of counsel), for the
motion.

*Lincoln Avery (H. W. Stevens,* of counsel), *contra.*

MONTGOMERY, J. An information in the nature of a
*quo warranto* was filed in the circuit court for the county
of St. Clair, on relation of William F. Wagenseil, against
the respondent. On the trial of the issue the relator was
adjudged entitled to the office, and a judgment of ouster
entered. The respondent thereupon sued out a writ of error
to this Court, and by this motion asks to have the pro-
ceedings upon the judgment stayed.

Upon a judgment of amotion from office, the party
amoved is divested of all official authority, and excluded
from office, so long as the judgment remains in force.
High, Extr. Rem. § 756. And, when judgment is rendered
in favor of a relator, he needs no writ to invest h'm with

the office. Under section 8639, How. Stat., he is entitled to take upon himself the execution of the office. Can this right be defeated or suspended by suing out a writ of error and giving a bond to stay execution? The statute (sections 8679, 8681) provides for a stay of execution by suing out a writ of error, but does not authorize a suspension of a judgment which requires no aid from process to give it effect. The practical result of permitting such a writ to suspend the judgment in *quo warranto* cases would in many cases be to defeat the relator of his remedy wholly. Such a construction is not to be indulged, except it be imperatively required by the terms, which we think is not the case here. This precise question was determined by the Court in the October term of 1886, in the unreported case of *Emmons v. Board of Supervisors.* See, also, *Welch v. Cook,* 7 How. Pr. 282.

The motion will be denied.

The other Justices concurred.