FYFE *v.* KENT COUNTY CLERK.

OFFICERS—STATE LEGISLATURE—MEMBERS — ELIGIBILITY TO OFFICE—DELEGATE TO CONSTITUTIONAL CONVENTION.

Under section 18, article 4, of the Constitution, a member of the legislature of 1907, which enacted the law providing for the constitutional convention of 1907, is ineligible as a delegate to that convention, election as such delegate being a "civil appointment" from State authority as the quoted words are used in the section cited.

Mandamus by Andrew Fyfe to compel Ralph A. Mosher, clerk of Kent county, to place relator's name on the ballot for primary election as delegate to the constitutional convention.   Submitted July 15, 1907.   (Calendar No. 22,389½.)   Writ denied July 15, 1907.

*Kleinhans & Knappen*, for relator.

*John E. Bird*, Attorney General (*Arthur P. Hicks*, of counsel), for respondent.

PER CURIAM.   The legislature of 1907 passed an act providing for a convention for the purpose of making a general revision of the Constitution.   (Act No. 272, Pub. Acts 1907.)   It provides for 96 delegates, consisting of 3

from each senatorial district. The compensation provided is ten dollars per day. The relator, a senator of the legislature, presented the necessary petition to the respondent to place his name on the ballot for primary election as delegate to the constitutional convention. He declined to place his name on the ballot, upon the ground that he is a member of the present legislature which enacted the law, and is therefore ineligible under the Constitution. Relator applies for the writ of mandamus to compel the respondent to place his name on the ballot. The sole question, therefore, is: Is relator ineligible as a delegate to the constitutional convention?

The constitutional provision (section 18, art. 4) reads as follows:

"No person elected a member of the legislature shall receive any civil appointment within this State, or to the senate of the United States, from the governor, the governor and senate, from the legislature or any other State authority, during the term for which he is elected. All such appointments and all votes given for any person so elected for any such office or appointment shall be void. No member of the legislature shall be interested, directly or indirectly, in any contract with the State or any county thereof, authorized by any law passed during the time for which he is elected, nor for one year thereafter."

It is conceded that delegates to the constitutional convention are State officers. It is held in several decisions that the terms "appointment" and "election" are synonymous terms. This court said, speaking through Justice CHRISTIANCY, in *People* v. *Hurlbut,* 24 Mich. 44:

"The Constitution does not seem to have made any clear distinction between the 'election' and the 'appointment' of officers; and in section 18, art. 4, the terms seem to be used as synonymous, and what is usually or more properly termed the election of a senator is there designated as an appointment."

See, also, *State* v. *Compson,* 34 Or. 25; *McPherson* v. *Blacker,* 146 U. S. 1.

The duties of delegates to the constitutional convention relate exclusively to affairs of State. They have no other

function to perform than a State function. The only question, therefore, is: Does such an officer receive his appointment or election from any other State authority than the three just previously mentioned? If the framers of the Constitution meant to exclude members of the legislature from eligibility to other State offices, no language could be more comprehensive than that of "any other State authority." These are State officers elected by State authority. They receive a civil appointment from State authority. There are other provisions of the Constitution which show the intention to prevent members of the legislature from holding other civil positions during their term of office. Section 6, art. 4, provides:

"No person holding any office under the United States [or this State] or any county office, except notaries public, officers of the militia and officers elected by townships, shall be eligible to or have a seat in either house of the legislature, and all votes given for any such person shall be void."

The purpose of these provisions is "to preserve a pure public policy," or, as we said in *Ellis* v. *Lennon*, 86 Mich. 468, speaking through Justice McGRATH, "to prevent officers from using their official position in the creation of offices for themselves or for the appointment of themselves to place."

We are all of the opinion that delegates to the constitutional convention come within the term "civil appointment," as used in this provision of the Constitution, that they receive their appointment from State authority, and therefore that members of the legislature which enacted the law and thus provided for the offices, fixing compensation, etc., are ineligible as delegates. They are both within the spirit and letter of the law.

The writ is denied.