MURTHA v. LINDSAY.

1. MANDAMUS—ELECTIONS—PUBLIC OFFICERS—RECORDER'S COURT OF THE CITY OF DETROIT.

A writ of mandamus should not issue to require the performance of an act the doing of which would serve no lawful purpose.

2. ELECTIONS—CITY CLERK—MANDAMUS.

The petition of a candidate for the office of judge of the recorder's court of the city of Detroit is not required by statute to be received by the city clerk in the case of a special election to fill a vacancy to the office of judge, since the primary ballot is not required to contain the names of candidates.

3. COURTS — CONSTITUTIONAL LAW — MUNICIPAL CORPORATIONS — RECORDER'S COURT OF THE CITY OF DETROIT.

The judge of the recorder's court of the city of Detroit is a State official: the office is not one of a local nature; the court having jurisdiction to try criminal offenses brought by the people of the State and the judge exercising the powers of a circuit judge.

4. SAME—PRIMARY ELECTION—CANDIDATES.

No member of the legislature is permitted to be a candidate for the office of judge of the recorder's court of the city of Detroit at a special election to fill a vacancy in the office. Constitution, Art. v, § 7.

Mandamus proceedings by James A. Murtha against Richard Lindsay, city clerk of the city of Detroit, to compel the respondent to receive a petition of relator as candidate for the office of judge of the recorder's court of the city of Detroit. Submitted June 22, 1915. (Calendar No. 26,845.) Writ denied June 28, 1915.

*Frank D. Eaman, Percy, W. Grose,* and *Stewart Hanley (Wm. L. Carpenter* and *H. E. Spaulding,* of counsel), for relator.

*Harry J. Dingeman,* Corporation Counsel, for respondent.

OSTRANDER, J. A special election has been called to elect a judge of the recorder's court in the city of Detroit to fill a vacancy. Relator presented to respondent a petition as candidate for the office. It was refused for the reason that relator is a member of the State legislature and ineligible to the office under article 5, § 7, of the State Constitution, which reads as follows:

"No person elected a member of the legislature shall receive any civil appointment within this State or to the Senate of the United States from the Governor, except notaries public, or from the Governor and Senate, from the legislature, or any other State authority, during the term for which he is elected. All such appointments and all votes given for any person so elected for any such office or appointment shall be void. No member of the legislature shall be interested directly or indirectly in any contract with the State or any county thereof, authorized by any law passed during the time for which he is elected, nor for one year thereafter."

The significance, in law or fact, of the refusal of the city clerk to accept relator's petition is not explained, nor, as we are at present advised, is it perceived. The printed primary ballot will not contain the names of candidates. It would seem, therefore, that the clerk of the city of Detroit refused to perform no plain legal duty when he refused relator's petition, and would perform no plain legal duty if required by an order of this court to now receive the petition. The order to show cause appears, therefore, to have been inadvertently and improvidently granted, since the writ of mandamus would serve no lawful purpose. However, inasmuch as the question debated in the briefs is likely, if not certain, to become an issue of importance if relator shall receive a majority of votes at the primary to be held June 29th, we are disposed to signify, briefly, an opinion concerning relator's eligibility to the office.

For respondent it is contended that the proper answer to the question presented depends upon whether the recorder's court is a local office or one of State agency.

In behalf of relator three principal propositions are presented. It is said:

*First,* that the case is not within the mischief designed to be prevented by the Constitution; *second,* that the fact that a locally selected officer performing local duties is also charged with the performance of State duties does not make his election the exercise of State authority within the meaning of the constitutional provision above set out; and, *third,* the judge of the recorder's court is not a State official in the constitutional sense.

It may be said that the mischief would not be greater, or different, if the legislature, under the present Constitution, were by general law to set up courts possessing the jurisdiction of the recorder's court in cities of a certain size throughout the State, and members of the legislature were admitted to be candidates for the offices thus created. The Constitution is aimed at preventing mischief, not at remedying its effects. Whether the present jurisdiction of the recorder's court was conferred in a single act of legislation or in successive acts, it is now a court possessing a certain jurisdiction, including jurisdiction to try all persons accused of crimes committed within the city of Detroit. This is jurisdiction which may not be conferred, nor be interfered with, by the people of the locality. It is exercised by the person inducted into the office of recorder, not as an incident to a local office held by him, nor as an imposition upon a local officer of the performance of State duties. The office is inseparable from the entire jurisdiction of the officer, a jurisdiction conferred by the legislature with the sanction of the Constitution in force when juris-

diction was established. It is by virtue of State authority alone that the office exists.

The serious question, or part of the question, is: Does the person taking the office do so by virtue of "any other State authority," within the meaning of the Constitution? In a sense, all justices of the peace, constables, and judges of courts of record are appointed—hold office—by virtue of State authority. The recorder's court is, when exercising jurisdiction to try persons accused of crimes, under the general laws of the State, a State court; its judges exercising the powers of a circuit judge. *People* v. *Jackson*, 8 Mich. 78. If a vacancy in the office is filled by appointment, the appointment must be made by the governor. *Attorney General, ex rel. Danhof,* v. *Renihan,* 184 Mich. 272 (151 N. W. 324). Every argument which would support the conclusion that a member of the legislature should not be appointed or elected to the office of circuit judge applies with equal force to the appointment or election of such a member to the office of judge of the recorder's court. Much of the reasoning employed in deciding *Fyfe* v. *County Clerk,* 149 Mich. 349 (112 N. W. 725), may be here properly employed. We conclude that relator is not eligible to the office.

The writ is denied. No costs are awarded.

BROOKE, C. J., and McALVAY, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.