RICHARDSON v. SECRETARY OF STATE.

OPINION OF THE COURT.

1. CONSTITUTIONAL LAW—LEGISLATORS—CIVIL APPOINTMENT DURING TERM.

No person elected to the legislature shall receive any civil appointment within this State from the governor, except notaries public, from the legislature, or from any other State authority during the term for which he is elected (Const 1963, art 4, § 9).

2. SAME—CONSTRUCTION OF CONSTITUTION.

Construction of the Constitution is the province of the courts and the Supreme Court's construction of a State constitutional provision is binding on all departments of government, including the legislature.

3. SAME—SEPARATION OF POWERS—LEGISLATURE—CONSTRUCTION OF CONSTITUTION.

Attempt by legislature to construe by statute the words "civil appointment" as used in State Constitution was beyond power of legislature since such interpretation is expressly prohibited by constitutional provisions for separation of powers and vesting of judicial powers exclusively in the court (Const 1963, art 3, § 2, art 6 § 1; PA 1968, No 152, amending PA 1954, No 116, § 2).

4. SAME—JUDICIAL CONSTRUCTION—RETENTION OF PROVISION IN NEW CONSTITUTION.

A constitutional provision retained in a new or revised Constitution or amendment will be presumed to have been retained with knowledge of construction previously given it by the courts.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5–8, 10]  42 Am Jur, Public Officers § 63.
[2, 3, 9]  16 Am Jur 2d, Constitutional Law §§ 58, 221.
[4]  16 Am Jur 2d, Constitutional Law § 80.

5. Same—Legislators—Civil Appointment During Term.

Constitutional prohibition against a person elected to the legislature receiving any civil appointment from any State authority during the term for which he is elected applies to member of legislature seeking election as circuit judge for a term commencing before the end of his term as member of legislature where identical prohibitions in earlier Constitutions have been given same construction (Const 1963, art 4, § 9; PA 1968, No 127, amending PA 1961, No 236, § 511).

6. Same—Legislators—Civil Appointment During Term—Changes in Constitutional Provisions—Effect.

Deletion from 1963 State Constitution of both prohibition against members of legislature being appointed to the United States senate and provision rendering void all "appointments and votes given for any person so elected for any office or appointment" did not indicate intention of framers to allow legislators to seek judgeships during terms as legislators where former requirement was surplusage because Constitution of the United States provides that each house of the congress shall be the judge of the qualifications of its own members and latter wording was deleted as surplusage in light of prohibition of acceptance of civil appointment by legislator (US Const, art 1, §§ 2, 3, 5; Mich Const 1963, art 4, § 9; PA 1968, No 127, amending PA 1961, No 236, § 511).

7. Same—Legislators—Civil Appointment During Term—Offer to Resign from Legislature—Effect.

An offer by a legislator to resign his seat should he be elected judge will not operate to create eligibility and counteract the constitutional prohibition against his holding such elective office during the term for which he was elected to the legislature (Const 1963, art 4, § 9).

Dissenting Opinion.

O'Hara, J.

8. Constitutional Law—Legislators—Civil Appointment During Term—Change in Constitutional Provision.

*Deletion of phrase, "all such appointments and all votes given for any person so elected for any such office shall be void", from provision disqualifying State legislators from receiving civil appointments during their terms when that provision was brought into 1963 Constitution, and continued use of term "civil appointment" instead of "elective office", indicate that the evil sought to be prevented by former provision was the*

*shopping for votes in the legislature by the governor as result of governor's former powers of appointment to many State offices and that such an absolute prohibition was not intended to apply to the seeking of elective office by legislators under the 1963 Constitution (Const 1908, art 5, § 7; Const 1963, art 4, § 9).*

9. SAME—INTERPRETATION OF CONSTITUTION—STATUTE.

*Legislative attempt to construe words "civil appointment" as used in Constitution was unconstitutional as violation of separation of powers and vesting of judicial power in the court (Const 1963, art 4, § 9; PA 1968, No 152, amending PA 1954, No 116, § 2).*

10. SAME—LEGISLATORS—CIVIL APPOINTMENT DURING TERM.

*Constitutional prohibition against State legislator receiving any civil appointment during his term does not apply to a legislator who seeks elective position as circuit judge, but in order to serve as judge if elected he must resign his seat in the legislature (Const 1963, art 4, § 9).*

Appeal by emergency leave granted from Court of Appeals, Division 1, Lesinski, P. J., and J. H. Gillis and Levin, JJ., granting writ of mandamus. Submitted on briefs July 23, 1968. (Calendar No. 13, Docket No. 52,122.) Decided July 29, 1968. Opinions filed September 26, 1968.

Original mandamus action in Court of Appeals by Robert L. Richardson against James M. Hare, Secretary of State, Esther Waite, Zoe Shaffer Burkholz, James F. Schoener, and Nathan G. Conyers, members of the Board of State Canvassers and Glenn E. Jordan, Gladys June Ormsby, and Raymond L. Dankers, members of the Board of Election Commissioners of Saginaw county, to compel certification of his candidacy for the office of circuit judge in the 10th judicial circuit. Peremptory order granting writ. Defendants Secretary of State and Board of State Canvassers appeal by emergency leave granted. See 381 Mich 762. Reversed and writ denied.

*Robert L. Richardson, in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General and *Russell A. Searl,* Assistant Attorney General, for the defendants.

PER CURIAM.   This is an appeal, on leave granted, by defendants, Secretary of State and Board of State Canvassers, from a Court of Appeals order, in proceedings originating in that Court, for issuance of a writ of mandamus against them and others charged with enforcement of the election laws, directing them to certify forthwith plaintiff, Robert L. Richardson, as a duly qualified candidate for the office of circuit judge in the 10th judicial circuit, in the primary election to be held on August 6, 1968.

The question is whether plaintiff is barred from such candidacy by Michigan Constitution of 1963, art 4, § 9, which reads:

"No person elected to the legislature shall receive any civil appointment within this state from the governor, except notaries public, from the legislature, or from any other state authority, during the term for which he is elected."

Similar provisions of the Michigan Constitutions of 1850 and 1908 are as follows:
Constitution of 1850, art 4, § 18:

"No person elected a member of the legislature shall receive any civil appointment within this state, or to the senate of the United States, from the governor, the governor and senate, from the legislature, or any other state authority, during the term for which he is elected.   All such appointments and all votes given for any person so elected for any such office or appointment shall be void."

Constitution of 1908, art 5, § 7:

"No person elected a member of the legislature shall receive any civil appointment within this state or to the senate of the United States from the governor, except notaries public, or from the governor and senate, from the legislature, or any other state authority, during the term for which he is elected. All such appointments and all votes given for any person so elected for any such office or appointment shall be void."

In 1968 the legislature enacted Act No 152,[1] which provides, *inter alia*:

"The term 'election' is not synonymous with the term 'civil appointment' as such term appears in section 9 of article 4 of the state constitution."

The undisputed facts are that plaintiff was elected at the general November election of 1966 to the office of State senator for a four-year term commencing on January 1, 1967, and ending on January 1, 1971. He qualified for that office, was seated and is serving as a member of the senate for that term. Under PA 1968, No 127,[2] an additional circuit judge is to be elected in the 10th judicial circuit at the 1968 general November election, to take office January 1, 1969. Plaintiff timely filed with the secretary of State nominating petitions for himself as a candidate for such judgeship together with an affidavit of his qualifications. The board of canvassers determined that the petitions and affidavit were in order but declined to certify plaintiff as a candidate for the August 6, 1968, primary election on the ground that he was barred therefrom by Constitution of 1963, art 4, § 9, above quoted. Plaintiff then filed com-

[1] PA 1968, No 152, amended PA 1954, No 116, § 2 (CLS 1961, § 168.2, Stat Ann 1956 Rev § 6.1002).—REPORTER.
[2] PA 1968, No 127, amended PA 1961, No 236, § 511 (CLS 1961, § 600.511, Stat Ann 1962 Rev § 27A.511).—REPORTER.

plaint in the the Court of Appeals seeking an order of superintending control in the nature of mandamus and secured the order of that Court for writ of mandamus from which this appeal is taken by defendants.

On June 25, 1968, Governor George Romney filed with this Court a request, under Constitution of 1963, art 3, § 8, for an advisory opinion as to the constitutionality of PA 1968, No 152. While that request was under consideration the application for leave to take this appeal was filed, calling not only for determination of the question of constitutionality of the act, but, also, the meaning of the prohibition contained in Const 1963, art 4, § 9. Accordingly, the governor's request was not granted, it appearing that the entire related problem could better be resolved by decision of this case.

Michigan Constitution of 1963, art 3, § 2, divides the powers of the State's government into three branches. It forbids exercise of the powers of one branch by another. Const 1963, art 6, § 1, vests the judicial power of the State exclusively in one court of justice. Interpretation of the State Constitution is the exclusive function of the judicial branch. Construction of the Constitution is the province of the courts and this Court's construction of a State constitutional provision is binding on all departments of government, including the legislature. See 16 Am Jur 2d, Constitutional Law, § 58, p 230. As said in *Bank of Hamilton* v. *Dudley's Lessee* (1829), 27 US (2 Pet) 492, 524 (7 L Ed 496):

"The judicial department of every government is the rightful expositor of its laws; and emphatically of its supreme law."

In this connection plaintiff cites *Smith* v. *Auditor General* (1911), 165 Mich 140, which held that in

construing statutory provisions the practical construction which the legislature has during a long period of time adopted with reference to their meaning is entitled to weight; and *Thayer* v. *Department of Agriculture* (1949), 323 Mich 403, which reiterated the oft-stated presumption of constitutionality of an act of the legislature; and *Sullivan* v. *Michigan State Board of Dentistry* (1934), 268 Mich 427, which held that where a statute may be construed in either of two ways, one of which is consistent with constitutionality while the other is not, the former will be presumed to be the legislative intent. These lend no support for the proposition that it is competent for the legislature to take a term or language in the Constitution, interpret it and make that legislative interpretation the law. Equally inapt is plaintiff's citation of *People* v. *Blodgett* (1865), 13 Mich 127, for the claimed proposition that an act of the legislature not prohibited by express words of the Constitution or by necessary implication cannot be declared unconstitutional by the Court; and also *Bowerman* v. *Sheehan* (1928), 242 Mich 95 (61 ALR 859) to the effect that under a State Constitution the legislature has all powers not thereby denied to it. The point is that what the legislature attempted to accomplish by the Act No 152 interpretation of the Constitution is expressly prohibited by the art 3, § 2, separation of powers, and the art 6, § 1, vesting of judicial powers exclusively in the Court.

Act No 152, here considered, endeavors to place an interpretation having the effect of law upon the words "civil appointment" as used in Const 1963, art 4, § 9. As above noted, the act is, in that respect, beyond the power of the legislature to enact and is, hence, unconstitutional. It follows that if, as construed by this Court, the constitutional language of article 4, § 9, prohibits plaintiff's candidacy for circuit judge, the provisions of said Act No 152

avail him nothing to escape that constitutional barrier.

This leads us now to interpretation of the language of Const 1963, art 4, § 9, without benefit of legislative construction.

In *Fyfe* v. *Kent County Clerk* (1907), 149 Mich 349, this Court held that election by the electors of plaintiff to the office of delegate to a constitutional convention would be a "civil appointment" from a "State authority" within the meaning of these terms as used in the above quoted Const 1850, art 4, § 18, that, therefore, plaintiff, being a member of the legislature, was ineligible to be a delegate because that section prohibited him from seeking the office and, accordingly, a writ of mandamus to compel the defendant county clerk to place plaintiff's name on the ballot for primary election as such delegate candidate would not lie. This Court, in passing, said that the terms "appointment" and "election" are synonymous terms.

In *Attorney General, ex rel. Cook,* v. *Burhans* (1942), 304 Mich 108, this Court cited and relied on its holding in *Fyfe,* and held that the words "civil appointment" from a "State authority" applied to election by the people of a candidate for the office of regent of the University of Michigan. In its opinion in that case this Court said that the then controlling language in Const 1908, art 5, § 7, similar to that quoted from the Constitution of 1850, barred plaintiff, a State senator, from holding the office of regent and rendered him ineligible for that office.

"Where a constitutional provision has received a settled judicial construction, and is afterward incorporated into a new or revised constitution, or amendment, it will be presumed to have been retained with a knowledge of the previous construction, and courts will feel bound to adhere to it." 16 CJS, Constitutional Law, § 35, pp 114, 115.

It is our opinion that the prohibition in Constitution of 1963, art 4, § 9, against a person elected to the legislature receiving "any civil appointment * * * from any other state authority, during the term for which he is elected" comes within the meaning of the decisions in *Fyfe* and *Burhans*. In the governing provisions of all three Constitutions, 1963, 1908 and 1850, the language expressly providing that "no person elected to the legislature" (1963) or "no person elected a member of the legislature" (1908 and 1850) "shall receive any civil appointment within this State * * * from * * * any other State authority" is identical, and what we held these words to mean in *Fyfe* and in *Burhans,* we hold them also to mean in this case of Richardson. The *Fyfe* and *Burhans Cases* considered, decision here is planted squarely upon the rule of constitutional interpretation which this Court laid down in *Council of the City of Saginaw* v. *Saginaw Policemen and Firemen Retirement System Trustees,* 321 Mich 641, 647 (repeated in *Bacon* v. *Kent-Ottawa Authority,* 354 Mich 159, 170, 171):

"In *City of Detroit* v. *Chapin,* 108 Mich 136 (37 LRA 391), we quoted with approval from *People, ex rel. Hughes,* v. *May,* 3 Mich 598, 610, the following:

" ' " 'The framers of a Constitution are presumed to have a knowledge of existing laws, * * * and to act in reference to that knowledge.' " '

"And in *School District of City of Pontiac* v. *City of Pontiac,* 262 Mich 338, 348, we said:

" 'In drafting the amendment, as well as in its adoption, the people were mindful of existing conditions and sought to so frame the amendment as to be in accord with such existing conditions.'

"In 11 Am Jur, Constitutional Law, § 63, pp 676, 677, appears the following:

" 'A constitutional provision must be presumed to have been framed and adopted in the light and

understanding of prior and existing law and with reference to them.'"

We note that in an effort to avoid application here of the decisions in *Fyfe* and *Burhans*, it is stressed on behalf of plaintiff that a change has been made in Constitution of 1963, art 4, § 9, from the language of its predecessor provisions in the Constitutions of 1850 and 1908. The changes pointed out are deletion of the prohibition of appointment of a legislator to the United States senate and the further deletion of the language which provided that "all such appointments and all votes given for any person so elected for any such office or appointment shall be void". In this connection, Mr. Hoxie, chairman of the committee on legislative powers of the constitutional convention, was quoted as having said, in offering this section for his committee to the convention, the following:

"The committee recommends that the provision preventing the civil appointment of a legislator be retained with one change. The prohibition against appointment to the United States Senate is deleted. It is the opinion of the committee that if a vacancy occurs, there is no reason why a legislator, who is qualified, may not be chosen to fill it.

"The deletion of the sentence that makes appointment and votes for legislators void is recommended. The language is surplusage since the first part of the section provides there shall be no such appointments." 2 Constitutional Convention 1961, Official Record, p 2415.

We are of the opinion, as Mr. Hoxie seems to have been at the constitutional convention, that after Constitution of 1963, art 4, § 9, expressly prohibited a legislator from receiving any civil appointment within this State from any State authority, the matter was conclusively disposed of and a further provision that votes given for him for such office shall

be void was utterly unnecessary and needless surplusage since the first part of the section provides that there shall be no such appointments.

Plaintiff suggests, however, that Mr. Hoxie's comment concerning deletion of the prohibition against appointment of a legislator to the United States senate, coupled with deletion of the language declaring certain votes to be void, revealed a committee concern with allowing legislators to seek other offices during their terms and not a mere desire to clean up an obsolete provision which appears, so says plaintiff, to have been based on the former requirement that United States senators be appointed by State legislatures. Thus, it is urged, the committee disclosed that it saw no harm in legislators being appointed to the United States senate by the governor when vacancies occur and, accordingly, must not have seen any harm in permitting a legislator to seek the position of United States senator at the hands of the people. The answer to this, however, is that the prohibition against appointment to the United States senate was surplusage and of no effect, because the United States Constitution, art 1, §§ 2, 3, exclusively sets forth the qualifications of the members of congress. Further, article 1, § 5, provides that each house of the congress shall be the judge of the qualifications of its own members to sit, and, thus, any impediment imposed by the State Constitution, statute, or decision is meaningless. See *McLeod* v. *State Board of Canvassers*, 304 Mich 120.

It has been suggested that as herein interpreted, Constitution of 1963, art 4, § 9, could be viewed as prohibiting a legislator from being re-elected to his legislative seat. The defect in such reasoning is that the constitutional inhibition is not against running for election during term, but against running for election to an office the term of which commences

during the legislator's term as such.   He may not
receive the appointment or take the new office during
the term for which he was elected a legislator.   A
legislator runs for re-election to a term commencing
at the expiration of his current term.   In the instant
case, a plaintiff seeks a judgeship the term of which
commences during the term for which he was elected
senator.

Plaintiff informed the board of State canvassers
that it was his intention to resign as senator if
elected judge.   This is offered, apparently, to dis-
count any suggestion that plaintiff would seek to
hold two incompatible positions, and with the
thought, evidently, that such situation is all that
the constitutional prohibition could have been in-
tended to prevent.   The answer is that the prohibi-
tion against receiving any civil appointment or
elective office extends not merely to the period while
he serves as senator, but, in the language of the
Constitution itself, "during the term for which he
is elected."   In *Ellis* v. *Lennon* (1891), 86 Mich 468,
it was held that resignation, in such circumstances,
will not operate to create eligibility and counteract
the prohibition.

Order of the Court of Appeals is reversed and
mandamus denied.   Plaintiff's name shall not be sub-
mitted to the electors at the August 6, 1968, primary
election in the 10th judicial circuit as a candidate
for circuit judge.

DETHMERS, C. J., and KELLY, T. M. KAVANAGH,
ADAMS, and T. E. BRENNAN, JJ., concurred.

BLACK, J., concurred in result.

O'HARA, J. (*dissenting*).   I am in respectful dis-
agreement with the PER CURIAM opinion of my
colleagues.   While its logic is unassailable if the
premise upon which it is based is granted, that

premise in my view is untenable. The majority considers itself bound under the doctrine of *stare decisis* by *Fyfe* v. *Kent County Clerk* (1907), 149 Mich 349; and *Attorney General, ex rel. Cook,* v. *Burhans* (1942), 304 Mich 108. This I understand to result from the application of the general rule set forth in 16 CJS, Constitutional Law, § 35. I have no quarrel with that general rule. It is sound. But to me it is totally inapposite here. Note the wording: "Where a constitutional provision has received a settled judicial construction, and is afterward incorporated into a new or revised constitution, * * * it will be presumed to have been retained." I respectfully suggest that that is exactly what did not happen at the constitutional convention which drafted the Michigan Constitution of 1963. I am hard put to understand how my Associates can find the prior constitutional provision which had received a settled judicial construction was "afterward incorporated in a new * * * constitution" with language admittedly omitted in the Constitution of 1963. If my Brothers contend that the foregoing language was no part of the *ratio decidendi* of *Fyfe* and *Burhans,* I can only reply that I do not see how the Court as then constituted could have disregarded it. But I do not hesitate to assert that if the Court did disregard it, then *Fyfe* and *Burhans, supra,* are bad law and ought to be overruled. Capsulized, my position is that I simply cannot read "civil appointment" to mean "elective office." It seems to me that if the framers of the present Constitution meant to include "elective office" in the provision in question, they would have said so. The reference to the debate in the Convention, included in the majority opinion, omits what seems to me to be rather revealing language:*

---

\* 2 Constitutional Convention 1961, Official Record, p 2415.

"As to the balance of it—that no member of the legislature shall be appointed to any particular office —*that would be one that the governor would have, or the legislature, or the governor and the legislature.*"  (Emphasis supplied.)

The evil which I think the people of the State were patently seeking to avoid since 1835 was the shopping for votes in the legislature by the governor, and I am not at all sure that "votes" as used in the Constitution of 1908 did not mean "votes" necessary for confirmation of a gubernatorial appointment.  Certainly the ordinary idiom used in connection with elective office is "votes cast", not "votes *given.*"

I do agree that PA 1968, No 152, amending PA 1954, No 116, § 2 (CLS 1961, § 168.2, Stat Ann 1956 Rev § 6.1002), is constitutionally infirm by reason of the sentence, "The term 'election' is not synonymous with the term 'civil appointment' as such term appears in section 9 of art 4 of the State Constitution", for the obvious and eminently correct reasons stated in the majority opinion.

I do not think that appellee Richardson is proscribed from running for the elective office of circuit judge.  Manifestly he is proscribed from holding both offices.  Were he elected, he would of necessity have to divest himself of his office in the legislative branch before he could qualify for an office in the judicial branch of the government.

I would affirm the Court of Appeals.